IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALONZO HODGES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-249 |
| | ) | |
| v. | ) | Judge Lancaster |
| | ) | Magistrate Judge Caiazza |
| HARRY WILSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the Plaintiff's Motion for a Temporary Restraining Order (Doc. 5) be denied.

**II.   REPORT**

The Plaintiff, Alonzo Hodges ("Hodges" or "the Plaintiff"), is a state prisoner who has filed a civil rights action pursuant to the provisions of 42 U.S.C. §1983. Hodges alleges in his Complaint that he has been denied single-cell status since July 5, 2006, and that he is endangered by the decision of prison personnel to house him in a double cell. He has filed a Motion for Temporary Restraining Order, (Doc. 5), in which he describes an altercation with his cell mate which occurred on July 5, 2006. Specifically, Hodges alleges that his cell mate "became agitated" because the cell light was on, that his cell mate "knocked" his hand off the light switch and pushed him against a wall. (Doc. 3, at 5). Hodges claims that he has not slept since he was placed in

a double-cell and that he has been threatened with physical violence which has left him "extremely depressed and paranoid . . .." (Doc. 10, ¶ 19).

In determining whether a temporary restraining order is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Bieros v. Nicola, 857 F.Supp. 445 (E.D.Pa.1994). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). With respect to the "irreparable harm" prong, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir.1976). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v. Conagra, 977

F.2d 86, 91 (3d Cir. 1992)(internal quotations omitted, emphasis added); Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir.2000)(harm may not be speculative).

Here, Hodges has provided no evidence which would support a finding that he is in danger of immediate harm. In fact, his only allegation is that his hand was knocked away from the light switch and that he was pushed against the cell wall. This occurrence is a single alleged incident, it involved no apparent injuries, and it took place in July, 2006. There are no other allegations of injury  - save Hodges' general assertion of anxiety that he *may* be assaulted. In sum, Hodges has not alleged a likelihood of *immediate* and irreparable harm. That said, Hodges is not entitled to injunctive relief.

### III. CONCLUSION

It is recommended that the Plaintiff's Motion for Temporary restraining Order (Doc. 5) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by April 20, 2007.

s/ Francis X. Caiazza
Francis X. Caiazza
United States Magistrate Judge

April 4, 2007

cc:
ALONZO HODGES
ADA-2951
SCI Fayette
Post Office Box 9999
LaBelle, PA 15450-0999