IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALONZO HODGES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-249 |
| | ) | |
| v. | ) | Judge Lancaster |
| | ) | Magistrate Judge Caiazza |
| HARRY WILSON, et al., | ) | In re: Docs. 25, 48, 52 |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendant Peter Saavedra's Motion to Dismiss (Doc. 25) be granted, and that the Plaintiff's Motions to Amend the Complaint (Docs. 48 and 52) be denied.

### II. REPORT

The Plaintiff, Alonzo Hodges ("Hodges" or "the Plaintiff"), is a state prisoner who has filed a civil rights action pursuant to the provisions of 42 U.S.C. §1983. Hodges alleges in his Complaint that he has been denied single-cell status since July 5, 2006. One Defendant, Dr. Peter Saavedra, filed a Motion to Dismiss (Doc. 25) arguing, inter alia, that the Plaintiff has failed to allege that he had the authority to either deny or grant an inmate's request for a particular cell assignment.

The Plaintiff was directed to respond to the Motion to Dismiss on or before July 6, 2007.(Doc. 41). Instead of

responding to Dr. Saavedra's Motion to Dismiss, Hodges filed two Motions seeking leave to amend his Complaint. (Docs. 48 and 52). In both proposed amended complaints, the Plaintiff alleges that the prison staff "routinely violate" his right to the confidentiality of his psychiatric records. (Doc. 48, Ex. 1, at 1; Doc. 52, Ex. 1, at 1). The Plaintiff again repeats his basic allegations, claiming that he has been denied single-cell status by Defendants Shelly Mankey, Rebecca Petrus and Ellen Bryant, and that Dr. Saavedra "supported" this action. (Doc. 48, Ex. 1, at 12). Nowhere in the Complaint does the Plaintiff allege that Dr. Saavedra had the authority to control his cell asssignment.

The Plaintiff also alleges that, on one or more occasion, Dr. Saavedra's secretary impersonated him during examinations at which he requested single-cell status. Hodges further alleges that Dr. Saavedra -or an imposter- told him that he had no authority to modify his cell assignment. Again, Hodges claims that Dr. Saavedra breeched Pennsylvania law by "allow[ing] disclosure . . . of [his] confidential psychiatric records." (Doc. 48 at 1).

A. **Applicable Legal Standards**.

The standard a court applies with respect to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is that dismissal is appropriate if no relief could be granted under any set of facts alleged in the Complaint. Hishon

2

v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly, ___ U.S. ___ (2007), 127 S. Ct. 1955 (2007). Specifically, the Court in Twombly "retired" the prior standard set out in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In its place the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly 127 S. Ct. at 1965.

Whether to permit an amendment to a complaint lies within the sound discretion of the trial court. Coventry v. U.S. Steel Corp., 856 F.2d 514, 519 (3d Cir. 1988). Specifically, leave to amend may be denied on the basis of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility of amendment. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983).

B. **Analysis**.

1. Dr. Saavedra's Motion to Dismiss

Defendant Saavedra's Motion should be granted, primarily because it is unopposed. Moreover, the Court cannot, even after a liberal reading of the Complaint, discern a federal claim against Dr. Saavedra upon which relief might be granted.

First centering on Hodges' claim that he was denied single cell status, the crux of his complaint rests with the decisions

3

of prison officials other than Dr. Saavedra. That being said, to the extent that the denial of single-cell status may state a claim, Hodges has not set out facts alleging that Dr. Saavedra -beyond making a recommendation- had the authority to change his cell status. See Twombly, 127 S. Ct. 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Hodges has failed to meet that pleading requirement.

The Plaintiff also alleges that an unidentified impersonator stood in the place of Dr. Saavedra during the course of medical examinations. From a federal claim perspective, this allegation would have a semblance of merit, but only when viewed in the context of a claim based on deliberate indifference to a serious medical need. See Farmer v. Brennan, 511 U.S. 825 (1994). No such claim is set out in Hodges' Complaint. Again, this claim fails. See Id.

Finally, the Plaintiff alleges that Dr. Saavedra allowed prison officials to view his medical records for the purpose of making the determination whether to afford him single-cell status. The Plaintiff appears to allege that this is both an invasion of his Constitutional right to privacy, and that it violates state law concerning disclosure of medical records to non-medical personnel.

In Powell v. Schriver, 175 F.3d 107 (2d Cir. 1999), the Court of Appeals for the Second Circuit held that, even though

inmates possess the constitutional right to maintain confidentiality of previously undisclosed medical information, "[i]t follows that prison officials can impinge on that right only to the extent that their actions are 'reasonably related to legitimate penological interests'")(quoting Turner v. Safley, 482 U.S. 78, 95 (1987)). The Court of Appeals for the Third Circuit adopted the same test as the Second Circuit in Doe v. Delie, 257 F.3d 309, 317 (3d Cir.2001) ("[W]e join the Second Circuit in recognizing that the constitutional right to privacy in one's medical information exists in prison."). Hence, the question is whether the medical records in question were accessed for a legitimate penological purpose.

Clearly, the process of determining whether a prisoner is capable of safely being celled with another inmate is a legitimate penological concern. That fact being undisputed, the Plaintiff cannot state a Section 1983 claim against Dr. Saavedra.

To the extent that the Plaintiff alleges that Defendant Saavedra has violated Pennsylvania law by disclosing medical information, this is a state law claim only. After all claims with an independent basis of federal jurisdiction have been dismissed, a District Court has discretion with respect to the exercise of jurisdiction over pendent state law claims. Arbaugh v. Y & H Corp., 546 U.S. 500 (2006). Here, the Plaintiff's federal claims against Defendant Saavedra should be dismissed.

Significantly, the dismissal has occurred at an early stage in the proceeding, and the Court discerns no reason to exercise discretionary jurisdiction over the Plaintiff's pendent state law claims. See Seamon v. Algarin, 2007 WL 2404732 (E.D.Pa. 2007)(dismissing Section 1983 claims, and declining to exercise pendent jurisdiction over state law medical malpractice claims).

2. The Plaintiff's Motion to Amend

The Plaintiff also seeks to amend his Complaint to add a claim and a defendant. Specifically, Hodges seeks to include a claim that Robert Tretinik violated his rights by permitting officials – other than medical personnel– to review his psychiatric records for purposes of determining whether he was entitled to a single cell. This claim is meritless for the same reasons discussed above with respect to Defendant Saavedra. Thus, the Plaintiff cannot state a claim against the proposed Defendant – Robert Tretinik– and the amendments to the complaint Hodges seeks would necessarily be futile.

### III. CONCLUSION

It is recommended that Defendant Saaverdra's Motion to Dismiss (Doc. 25) be granted, and that the Plaintiff's Motion to Amend the Complaint (Docs. 48 and 52) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules

for Magistrates, objections to this Report and Recommendation are due by November 30, 2007.

                                          <u>s/ Francis X. Caiazza</u>
                                          Francis X. Caiazza
                                          United States Magistrate Judge

November 15, 2007

cc:
ALONZO HODGES
ADA-2951
SCI Fayette
Post Office Box 9999
LaBelle, PA 15450-0999