IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALONZO HODGES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-249 |
| | ) | |
| v. | ) | Judge Lancaster |
| | ) | Magistrate Judge Caiazza |
| HARRY WILSON, et al., | ) | In re: Doc. 75 |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Plaintiff's Motion for Partial Summary Judgment (Doc. 75) be denied.

### II. REPORT

The Plaintiff, Alonzo Hodges ("Hodges" or "the Plaintiff"), is a state prisoner who has filed a civil rights action pursuant to the provisions of 42 U.S.C. §1983. Hodges alleges in his Complaint that he has been denied single-cell status since July 5, 2006. He further claims that the decision to deny him single-cell status is a violation of his right to Due Process, that he was denied Due Process during grievance proceedings related to his cell status, and that the Defendants retaliated against him in a myriad of ways as a result of the grievances he filed. Hodges seeks summary judgment on his claims.

A party's burden in response to a well-pleaded motion for summary judgment is to present "'. . . specific facts showing

that there is a *genuine issue for trial*.' Fed. Rule Civ. Proc. 56(e)(emphasis added)" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Hodges moves for summary judgment on each of the claims alleged in his Complaint. The Defendants, however, have presented evidence in support of their position claiming that the regulation upon which Hodges relies does not create a liberty interest sufficient to warrant Due Process protections with respect to his cell assignment. This evidence prevents the court from granting Hodges' Summary Judgment Motion.

Next, the Defendants challenge the availability of substantive Due Process protections arising during the course of grievance proceedings. This dispute, likewise, prevents the Court from granting Hodges' Summary Judgment Motion.

Finally, Hodges' retaliation claims are factually disputed because the Defendants deny that any of the alleged adverse actions were in retaliation for constitutionally protected activity. E.g., Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) (constitutionally protected conduct must be a substantial or motivating factor in the decision to take adverse action).

It is recommended that the Plaintiff's Motion for Partial Summary Judgment (Doc. 75) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by July 30, 2008.

s/ Francis X. Caiazza  
Francis X. Caiazza  
United States Magistrate Judge

July 14, 2008

cc:
ALONZO HODGES, ADA-2951
SCI Fayette
Post Office Box 9999
LaBelle, PA 15450-0999