IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALONZO HODGES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HARRY WILSON, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 07-249 <br><br> Judge Lancaster <br> Magistrate Judge Caiazza <br> In re: Doc. 88 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction (Doc. 88) be denied.

### II. REPORT

The Plaintiff, Alonzo Hodges ("Hodges" or "the Plaintiff"), is a state prisoner who has filed a civil rights action pursuant to the provisions of 42 U.S.C. §1983. Hodges alleges in his Complaint that he has been denied single-cell status since July 5, 2006. He seeks a ruling that the failure to house him without a cell mate violates his Constitutional rights.

Hodges has filed his Second Motion for Temporary Restraining Order (Doc. 88) in which he asserts that his single-cell status was improperly changed, and that he has been celled with other inmates. Hodges has provided an affidavit in support of the Motion (Doc. 90). He makes no allegations that he has suffered,

or that he is about to suffer, irreparable harm.

In determining whether a temporary restraining order is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Bieros v. Nicola, 857 F.Supp. 445 (E.D.Pa.1994). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). With respect to the "irreparable harm" prong, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir.1976). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v. Conagra, 977 F.2d 86, 91 (3d Cir. 1992)(internal quotations omitted, emphasis added); Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d

Cir.2000)(harm may not be speculative).

Here, Hodges has provided no evidence which would support a finding that he is in danger of immediate harm. Hence, his Motion should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by July 30, 2008.

s/ Francis X. Caiazza
Francis X. Caiazza
United States Magistrate Judge

July 14, 2008

cc:
ALONZO HODGES, ADA-2951
SCI Fayette
Post Office Box 9999
LaBelle, PA 15450-0999