## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALONZO HODGES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-249 |
| | ) | |
| v. | ) | Judge Lancaster |
| | ) | Magistrate Judge Bissoon |
| HARRY WILSON, *et al.*, | ) | In re: Doc. 91 |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the Motion for Summary Judgment filed by

Defendants Burks, Wilson, Mankey, Powley, Bryant, Petrus and Scire (Doc. 91) be granted.

### II.  REPORT

The Plaintiff, Alonzo Hodges ("Hodges" or "the Plaintiff"), is a state prisoner who has filed

a civil rights action pursuant to the provisions of 42 U.S.C. §1983.   Hodges alleges in his

Complaint that, although he had been "single-celled" previously while incarcerated, he has been

denied single-cell status since July 5, 2006.   This is asserted to be a violation of the Pennsylvania

Department of Corrections ("DOC") policy, as well as a violation of his right to due process.

Hodges also claims that Defendants have retaliated against him for his exercise of his right to file

grievances concerning the decision to change of his single-cell status.

### A.  Legal Standard

A party's burden in response to a well-pleaded motion for summary judgment is to present

"'. . . specific facts showing that there is a *genuine issue for trial*.' Fed. Rule Civ. Proc.

56(e)(emphasis added)" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.   Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Plaintiff's Complaint seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983.   To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.   He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.   West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

## B.   Plaintiff's Due Process Claims.

Plaintiff claims that defendants violated his right to due process by changing his "Z Code" (single-cell) status in July, 2006.   In order to make out a claim for denial of due process, Hodges must first establish that the DOC policy in question confers a liberty interest in receiving single-cell status.   Hewitt v. Helms, 459 U.S. 460 (1983).   In Hewitt, the Supreme Court held that a state regulation can create a liberty interest "through the repeated use of explicitly mandatory language in connection with requiring specific substantive predicates."   The DOC policy at issue in this case is DOC Policy 11.2.1 -- Reception and Classification Procedures Manual Section 5-Single Celling ("Z" Code) and Double Celling Housing, which sets forth the procedures for granting single "Z code" status (Doc. 92, Ex. 3).   The policy sets forth criteria to be considered when evaluating an inmate for Z Code housing classification but, in contrast to the regulation in Hewitt, DOC's Z Code status guidelines do not contain any mandatory language.   Instead, the policy merely states that an inmate will be evaluated and, if certain criteria are met, will be "carefully considered" for Z Code status.   Thus, the ultimate decision concerning an inmate's cell

2

status is not in any way mandated by application of the policy, but rather is left to the discretion of prison personnel. Because the DOC's policy does not meet Hewitt's "mandatory language" test, Hodges has no protected liberty interest in receiving Z Code status and his due process claim is untenable. Henry v. Wilson, 2007 WL 2746717 *7 (W.D.Pa., September 17, 2007)(Cercone, J.); Austin v. Chesney, 1995 WL 498720, at *3 (E.D.Pa. August 22, 1995) (holding that under Hewitt's "mandatory language" inquiry, DOC policy did not create any protected liberty interest in Z Code status).

Hodges's claim also fails under the standard set forth in Sandin v. Conner, 515 U.S. 472 (1995), in which the Supreme Court held that prison conditions do not impact a protectable liberty interest unless they result in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483. "[L]iving in a double-cell is an expected ordinary incident of prison life, [and] retaining single-cell status is not a protected liberty interest." Austin, 1995 WL 498720, at *3. Hodges, therefore, has no Fourteenth Amendment right to Z Code status and his right to due process is not offended by Defendants' decision to place him in a cell with another inmate.

## C. Plaintiff's Eighth Amendment Claims.

Although Plaintiff does not specifically identify the Eighth Amendment as a source of his asserted right to incarceration without a cell mate, he does make some factual allegations of hardship arising from the decision to remove his Z Code status, suggesting a claim of "cruel and unusual punishments." U.S. Const. amend. VIII. Specifically, Hodges has asserted that he was "depressed and lethargic," was "racked by extreme paranoia," and that he has not had a bowel movement while his cell mate is in the cell, causing him discomfort from holding it in until he can defecate without observation (Doc. 47, ¶¶ 9, 10, 21-22).

The Eighth Amendment's protection against the infliction of "cruel and unusual punishments," enforced against the states through the Fourteenth Amendment, guarantees incarcerated persons humane conditions of confinement.   To meet their Eighth Amendment obligations, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).   To succeed on an Eight Amendment claim, an inmate must first show that the asserted unconstitutional condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need."   Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).   The Supreme Court has explained that the first showing requires the court objectively to determine whether the deprivation of the basic human need was "sufficiently serious":

> [E]xtreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."

Hudson v. McMillan, 503 U.S. 1, 9 (1992) (citations omitted).

The practice of double-celling inmates is not prohibited by the Eighth Amendment, therefore, unless it results in an "extreme deprivation" "of "essential food, medical care, or sanitation" or "other conditions intolerable for human confinements."   Id.; Rhodes, 452 U.S. at 348.   To demonstrate an extreme deprivation, a prisoner must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions and that a substantial risk of serious harm results from the prisoner's unwilling exposure to the challenged conditions.   Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir.1997).

4

Here, Hodges has identified conditions he finds uncomfortable and upsetting within the context of prison life. Hodges has not, however, established that these conditions rise to the level of an Eighth Amendment violation as he has not demonstrated that he was denied "the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834.

Hodges asserts also that he was "assaulted" by his cell mate on July 5, 2006. Hodges alleges that his cell mate "became agitated" because Hodges had the cell light on late one evening, and that his cell mate "knocked" Hodges's hand off the light switch and pushed Hodges against a wall (Doc. 3, at 5). Hodges does not assert that he suffered any injury as a result of this incident or that there were subsequent incidents.

To establish an Eighth Amendment claim based upon an assault by another inmate, an inmate has the burden to show that a prison official "kn[e]w of and disregard[ed] an excessive risk to inmate health or safety." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir.2001) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Here, a single incident involving no injury -- particularly one which occurred more than two years ago-- simply is insufficient to establish that placing Hodges in a cell with another inmate amounted to a knowing disregard of an excessive risk to his health or safety. In sum, Defendants are entitled to summary judgment on any claim by Hodges that his Eighth Amendment rights have been violated.

Lastly, Hodges claims that he was placed in the Restricted Housing Unit and also denied a position working in the prison cafeteria in retaliation for his filing grievances concerning the denial of his Z Code status. "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990).

To state a *prima facie* case of retaliation, a prisoner must demonstrate that:

1) the conduct in which he was engaged was constitutionally protected;
2) he suffered adverse action **at the hands of prison officials**; and 3) **his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him**.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) (internal citation and quotation omitted) (emphasis added).   Once a prisoner has demonstrated that the constitutional right he/she exercised was a substantial or motivating factor in the challenged decision, the prison officials may nevertheless prevail by proving that they would have made the same decision, absent the protected conduct, for reasons reasonably related to a legitimate penological interest.   Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001).

Defendants have presented affidavits attesting that, in each alleged instance of retaliation, they would have taken the same action regardless of Hodges having filed grievances.   Hodges does not contest this evidence in his response to the motion for summary judgment.   Because Defendants' evidence is undisputed, they are entitled to summary judgment on Plaintiff's retaliation claims.

### III.   CONCLUSION

For all of the foregoing reasons, it is recommended that the Motion for Summary Judgment filed by Defendants Burks, Wilson, Mankey, Powley, Bryant, Petrus and Scire be granted.   In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by November 14, 2008.

s/ Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

October 28, 2008

6

cc:
ALONZO HODGES, ADA-2951
SCI Fayette
Post Office Box 9999
Labelle, PA 15450-0999